UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-03657 MMM (MRWx) | Date | May 9, 2014 |

| | |
|---|---|
| Title | *Shaffer et al v. Rogers et al* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     Order Remanding Action to State Court

### I.  BACKGROUND

On March 18, 2013, Edward Shaffer, Ben Robinson, Anna Robinson, and Susan Beidler (collectively "plaintiffs") filed this action against Kevin Rogers, Eric Maire, Tess Rogers, Brian Vanyo ("Vanyo"), KM Capital Partners, and Wellbeingz Sarl in Los Angeles Superior Court.[1] Vanyo removed the case to this court on May 22, 2013, invoking the court's federal question jurisdiction.[2]  On May 29, 2013, Vanyo filed a motion to dismiss the claims asserted against him.[3] On July 10, 2013, plaintiffs filed a notice of non-opposition, consenting to dismissal of the complaint

---

[1] Notice of Removal ("Removal"), Docket No. 1 (May 22, 2013), Exh. A ("Complaint").

[2] Removal, ¶ 3.

[3] Notice of Motion and Motion to Dismiss Defendant Brian Vanyo ("Motion"), Docket No. 7 (May 29, 2013).

but requesting leave to amend.[4]  On July 22, 2013, the court granted Vanyo's motion to dismiss.[5]

Plaintiffs filed a first amended complaint on August 12, 2013, alleging only state law claims.[6] The first amended complaint does not name Vanyo as a defendant.[7]  On September 3, 2013, plaintiffs filed a statement of case status, which noted that they had dismissed Vanyo, the only defendant who had appeared, as well as their only federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[8]  Plaintiffs asserted that as a consequence, the court should remand the case to state court.

On April 11, 2014, the court issued an order to show cause why the action should not be dismissed for lack of prosecution.[9]  Plaintiffs filed a response on April 21, 2014, stating that they had not served defendants because they were waiting for the court to determine whether to remand the action.[10]  Plaintiffs state that they wish to avoid the lengthy and expensive process of serving defendants under the Hague Convention and Swiss law in the event the court intends to remand the action because a remand order would require them to serve defendants a second time.[11]  Plaintiffs contend they inferred from the OSC that the court intended to retain jurisdiction, and have therefore commenced the necessary steps to effect service.[12]  They request that the court either permit them a reasonable time to complete international service or remand the action to state court.[13]

---

[4]Notice of Non-Opposition to Motion to Dismiss Defendant Brian Vanyo ("Non-Opp."), Docket No. 10 (July 10, 2013).

[5]Order Granting Defendant Vanyo's Motion to Dismiss and Granting Leave to Amend, Docket No. 12 (July 22, 2013).

[6]First Amended Complaint, Docket No. 13 (Aug. 12, 2013).

[7]*Id*

[8]Statement of Case Status, Docket No. 14 (Sept. 3, 2013).

[9]Order to Show Cause, Docket No. 16 (Apr. 11, 2014).

[10]Plaintiffs' Response to Order to Show Cause, Docket No. 17 (Apr. 21, 2014) at 1-2.

[11]*Id*. at 2.

[12]*Id*.

[13]*Id*. at 3.

## II. DISCUSSION

Plaintiffs' RICO cause of action provided the only basis for federal subject matter jurisdiction. As that claim has been dismissed, the court must consider whether to exercise jurisdiction over plaintiffs' state law claims.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court directed that district courts consider the values of judicial economy, convenience, fairness to litigants, and comity in deciding whether to exercise supplemental jurisdiction over state law claims. Because the court never had occasion to address the merits of plaintiffs' state law claims, declining to exercise jurisdiction over the claims would not result in a duplication of judicial effort. There is a strong policy, moreover, of allowing state courts to decide state law claims. See *id*. ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). For these reasons, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); see *Adams v. Coastline Community Credit Union*, 171 Fed. Appx. 192, 193 (9th Cir. Mar. 16, 2006) (Unpub. Disp.) ("Because Adams' only federal claim was properly dismissed, the district court did not err by declining to exercise jurisdiction over Adams' state law claims"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); *Graves v. Downey Sav. and Loan Ass'n*, No. C 09-02666 JF (RS), 2009 WL 3335335, *5 (N.D. Cal. Oct. 14, 2009) (dismissing federal claims without prejudice, and holding that the proper course was to "defer . . . review of Plaintiffs' remaining state-law claims"); *Anderson v. Countrywide Financial*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts have the primary responsibility to develop and apply state law, and the [*United Mine Workers v.*] *Gibbs* values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3)"); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction").

## III. CONCLUSION

For the reasons stated, the court directs the clerk to remand the case forthwith to Los Angeles Superior Court.